UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE MEJIA,** *individually and on behalf others similarly situated*,<br><br>    Plaintiff,<br><br>    vs.<br><br>**PROLOGIX DISTRIBUTION SERVICES (WEST), LLC,** *et al.*,<br><br>    Defendants. | Case No.: 12-CV-4840 YGR<br><br>**ORDER GRANTING MOTION FOR REMAND** |

Plaintiff Jose Mejia ("Plaintiff") filed the instant action in the Superior Court for the State of California, County of Alameda, on behalf of himself and a putative class of similarly situated California employees for violation of California Labor Code sections governing, *inter alia*, overtime compensation, meal and rest breaks, reimbursement for employment-related expenses, and penalties based upon failure to pay wages timely. Defendant LiquidAgents Health Care, LLC ("Defendant") removed the action on September 14, 2012, based upon the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2)(A). The parties are presently before the Court on Plaintiff's Motion for Remand. Having read and considered the papers submitted, the admissible evidence, and

the pleadings in this action, the Court hereby **GRANTS** the motion.[1]  However, this ruling is without prejudice to a later removal should Plaintiff amend his Complaint in such a way that the CAFA jurisdictional threshold is established.

## BACKGROUND

Plaintiff filed his class action complaint in the Superior Court of the State of California for the County of Alameda on July 26, 2012, alleging Labor Code violations, and other violations under California law.  The Complaint alleges claims against Defendant for: (1) failure to provide required meal and rest breaks (Cal. Lab. Code §§ 226.7 and 512, Cal. Code Regs, Title 8, § 11090(11)(A), (12)(A)); (2) failure to pay the minimum wage for all hours worked (Cal. Lab. Code § 1194, Cal. Code Regs, Title 8, § 11090(2)(G)); (3) breach of contract; (4) failure to furnish accurate wage statements (Cal. Labor Code § 226); (5) waiting time penalties (Cal. Labor Code § 203); (6) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) as to Plaintiff and the putative class; and (7) declaratory relief.  The Complaint seeks damages, penalties, interest and attorneys' fees thereon, as well as declaratory and injunctive relief.  (Notice of Removal ("NOR"), Dkt. No. 1, Exh. A. [hereinafter "Complaint"] Prayer for Relief, p. 16-17.)  The putative class is defined as "present and former employees who have worked for Prologix as Drivers in California at any time from four years prior to the filing of this action through such time as this action is pending." (Complaint, ¶ 1.)

On September 14, 2012, Defendant filed its Notice of Removal.  This motion followed.

## APPLICABLE STANDARD

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court.  28 U.S.C. § 1441.  A plaintiff may seek to have a case

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for **November 20, 2012.**

remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

CAFA provides that district courts have original jurisdiction over any class action in which: (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). District courts also have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs," so attorneys' fees are included in the calculation. *Guglielmino v. McKee Foods Corp.* 506 F.3d 696, 700 (9th Cir. 2007).

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006). Thus, Defendant bears the burden to establish that this Court has jurisdiction over

3

Plaintiff's claims. The removing party's assertions of federal court jurisdiction cannot be based on speculation and conjecture. *See Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (9th Cir. 2007). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson,* 319 F.3d at 1090-91.

When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D.Cal.2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp.2d 1199, 1205 (E.D.Cal. 2008); *Rippee v. Boston Market Corp.,* 408 F.Supp.2d 982, 986 (S.D.Cal. 2005). In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence" relevant to the amount in controversy at the time of the removal. *Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n. 1 (9th Cir. 2002).

## DISCUSSION

Plaintiff's motion for remand is based solely upon his assertion that Defendant has not met its burden of proof to establish that the case meets the amount in controversy requirement under CAFA. No dispute is raised regarding the diversity, numerosity, or private defendant requirements of CAFA.

A.   BURDEN OF PROOF

Because the parties do not agree on the appropriate burden of proof, the Court first addresses that issue. The Ninth Circuit has "identified at least three different burdens of proof which might be placed on a removing defendant in varying circumstances," only two of which are

pertinent to this case. *Guglielmino, supra,* 506 F.3d at 699. If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] ... a preponderance of the evidence standard" applies. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996). If, however, "a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met.'" *Id.* (quoting *Lowdermilk, supra,* 479 F.3d at 1000)

Here, the Complaint alleges that the "aggregate amount in controversy (including attorneys' fees) is less than five million dollars ($5,000,000.00)." (Complaint ¶11.) Plaintiff contends that, because these allegations clearly state that the amount in controversy is below the CAFA threshold, Defendant must establish the jurisdictional requirement is met by proof to a legal certainty. Plaintiff further argues that the lack of a limiting allegation in the prayer for relief does not change this analysis, citing *Collins v. Guitar Ctr., Inc.*, 2010 WL 2682760, *2 (S.D. Cal. July 2, 2010) (failure to repeat limit in prayer for relief was "an empty distinction" in light of allegations that relief sought was below jurisdictional limit) and *Fletcher v Toro Co.*, 2009 WL 8405058 at *5 (S.D. Cal. February 3, 2009) ("the failure to include the allegations in the prayer for relief, standing alone, is not dispositive").

Defendant argues that the legal certainty standard only applies if a plaintiff pleads a "specific total amount in controversy" not only in the jurisdictional allegations, but also in the prayer for relief. Limiting the amount in controversy in the jurisdictional allegations but not in the prayer for relief renders the allegations ambiguous, citing *Trahan v. U.S. Bank National Assoc.,* 2009 WL 4510140 *3 (N.D. Cal. November 30, 2009) ("although he contends that the aggregate damages are less than $5,000,000, Trahan does not repeat that disclaimer in his Prayer for Relief.").

5

The Court finds that the allegations here are sufficiently inclusive of all potential amounts in controversy that the legal certainty standard should apply. Unlike *Trahan*, and *Guglielmino* on which it relies, the allegations here are careful to specify that the "aggregate amount in controversy (including attorneys' fees)" was under $5,000,000, rather than just that the "damages" are less than the jurisdictional amount. *Cf. Trahan, supra,* 2009 WL 4510140 at *3 (neither body of complaint nor prayer clarified that penalties and attorneys' fees were included in the "damages" alleged to be under the $5,000,000 threshold); *Guglielmino, supra,* 506 F.3d at 700-01 (same).

Moreover, regardless of the standard applied here, the Court finds Defendant has failed to show the amount-in-controversy exceeds the five million dollar threshold, based upon its own evidentiary showing.

B.   AMOUNT IN CONTROVERSY CALCULATION

In support of the NOR, Defendant offered a declaration of Jannine Clemons, its Director of Human Resources, stating the number of current and former employees who fit the class definition, as well as their average hourly wage. (Dkt No. 3.) Based on those figures, in the NOR, Defendant asserted that the amount in controversy was fairly estimated to be $9,581,940.00, plus an additional 25% for attorneys' fees, assuming each class member was employed for two of the four years in the class period, and that each class member worked five days per week, 52 weeks per year. (NOR ¶23.) The calculations also assumed that a four-year statute of limitations would apply to all claims. *Cf. Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (Labor Code § 226 penalties have a one-year statute of limitations); *Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389, 1398 (2010) (three-year statute of limitations for waiting time penalties under section 203); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (one-year statute of limitations for penalties under Labor Code § 2699 ["PAGA"]).

Recognizing the shortcomings of the NOR, Defendant submitted a supplemental declaration of Clemons, as well as a declaration of Roxanne Forestiere, a paralegal for Defendant's counsel, in opposition to the motion. Clemons' supplemental declaration provided the actual number of class members, their individual hourly rates of pay, and their regular work schedules. (Supplemental Declaration of Jannine Clemons [Supp. Clemons Decl.] [Dkt No. 16-1] ¶¶ 4-6, Exh. A.) Based on this additional information, Forestiere's declaration provided revised calculations, estimating that the amount in controversy totaled $4,144,220.81 damages and penalties, plus attorneys' fees estimated at an additional 25 percent, resulting in a final amount of $5,180,276.02. (Declaration of Roxanne Forestiere [Dkt No. 16-2] ¶¶1-18 and Exh. A.)[2]

Defendant's revised calculations include penalties under Labor Code § 2699(f), the California Labor Code Private Attorneys General Act or "PAGA." Of the $4,144,220.81 in estimated damages and penalties, $1,847,300.00 constitute penalties under PAGA. (*Id.* Exh. A.)

Here, Plaintiff has not alleged a claim for penalties under PAGA in the Complaint. However, on the same day Plaintiff filed the Complaint, Plaintiff's counsel sent a "Notice of Alleged Violation of California Labor Code and Wage Order 5" ("the PAGA Notice") to the California Labor and

---

[2] Those revised calculations break down as follows:

(1) Waiting time penalties for each putative class member who terminated employment with defendant calculated by multiplying the hourly wage times 8 hours times 30 days, for a total of $198,723.03. (Forestiere Decl. ¶ 8.)

(2) Inaccurate wage statement penalties under Labor Code § 226(e) calculated by multiplying the number of payperiods by $50 for the first violation and $100 for each subsequent violation for each class member, for a total of $131,950.00. (*Id.* at ¶ 9.)

(3) Penalties for missed meal breaks under both Labor Code § 512 and § 226.7 assuming at least one missed meal break per week for the period each person was employed during the 12 months prior to the filing of the Complaint. (*Id.* at ¶¶ 10-11.) Defendant further assumed that these penalties would be owed under PAGA, $100 for the first pay period and $200 for each subsequent pay period, for a total of $263,900.00 under § 512 and $263.900.00 under § 226.7. (*Id.*)

(4) Using the same assumptions, penalties for missed rest periods under § 226.7 were estimated at an additional $263,900.00. (*Id.* at ¶12.)

(5) Using the same assumption that penalties would be owed under PAGA for inaccurate wage statements, failure to pay minimum wages, failure to pay waiting time penalties under § 203, and failure to pay all wages at the time they were owed under § 204, penalties were estimated to add an additional $263,900.00 for each category of violation to the total. (*Id.* at ¶¶ 13-15.)

7

Workforce Development Agency ("the LWD Agency"), a prerequisite to stating a claim for PAGA penalties. (*See* Declaration of Anthony J. DeCristofaro in Support of Notice of Removal, Exh. A [Dkt. No.4].) The PAGA Notice states that Plaintiff filed a lawsuit alleging meal and rest break violations, and failed to pay all wages earned by virtue of an automatic 30-minute daily deduction, regardless of whether employees took a meal break. (*Id.*)

Defendant argues that, pursuant to 28 U.S.C. § 1446(b), removal is proper upon receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," and that Plaintiff's PAGA Notice is such a "paper." Defendant further urges that, because the Complaint alleges that Plaintiff seeks to enforce "all applicable penalty provisions of the Labor Code" (Complaint ¶ 69), it necessarily includes a PAGA claim.

The Court does not agree. The removal statute "speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens." *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1203-04 (N.D. Cal. 2000) (quoting *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir.1998)). Accordingly, "removal jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative." *Id*. at 1204; *see also Torres v. Chevron U.S.A., Inc.*, 2004 WL 2348274, *2 (N.D. Cal. Oct. 18, 2004) (though the Ninth Circuit has not ruled on the question of whether removal on the grounds that a pending motion to amend seeks to add a basis for federal jurisdiction, numerous courts that have considered the issue have found that removal is only proper after the motion to amend has been granted).

Here, while the Complaint might eventually be amended to add a claim for PAGA penalties, it was not so amended at the time of removal. PAGA provides that an aggrieved employee must provide written notice to the LWD Agency and the employer of the specific code provisions violated

8

and the facts and theories that support the violations. Cal. Labor Code § 2699.3(a)(1) The LWD Agency then has 33 calendar days within which it must notify the aggrieved employee and employer whether it intends to investigate the alleged violations. If the LWD Agency does not notify the parties that it intends to investigate, or fails to respond after 33 days, the aggrieved employee may file a civil action to recover the penalties. Cal. Labor Code § 2699.3(a)(2)(A). If the LWD Agency does decide to investigate, it must act within 120 days. Cal. Labor Code § 2699.3(a)(2)(B). An aggrieved employee cannot bring his own civil action to recover penalties for the alleged violations unless and until that 120 days expires or the LWD Agency notifies the parties that it will not issue a citation for the penalties. *Id.* While a plaintiff may amend an existing complaint as a matter of right within 60 days of the expiration of either time period per Cal. Labor Code § 2699(a)(2)(C), amendment may be granted thereafter upon motion. Thus, a number of events must occur before Plaintiff would even be permitted to include a PAGA claim, leaving aside whether Plaintiff might ultimately elect not to allege such a claim at all. Moreover, the Complaint would have to allege compliance with those pre-filing requirements in order to state a PAGA claim. *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 383 (2005).[3]

Without the PAGA penalties in the calculation, the estimated amount in controversy falls to $2,296,920.81, far short of the CAFA threshold. Even adding in an additional 25% for estimated attorneys' fees, the amount in controversy still does not satisfy CAFA's jurisdictional requirements.

---

[3] Plaintiff argues that, even if a claim for PAGA penalties had been alleged in the Complaint, Defendant has overstated the penalty amounts. Plaintiff cites California authority holding that the higher "subsequent" violation penalty applies only after the employer is on notice that its conduct violates the Labor Code. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1209 (2008). Because the Court finds that the removal was premature here, it does not reach the merits of this issue.

9

**CONCLUSION**

Based upon the foregoing, the Court finds that Defendant has not met its burden of establishing that the amount in controversy in this litigation exceeds the jurisdictional threshold under CAFA.  Therefore, the motion for remand is **GRANTED**.  This action is **REMANDED** to the Superior Court of the State of California, County of Alameda.

**IT IS SO ORDERED.**

Date: November 14, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**